147 So. 445

## WILLIAMS v. McLESTER.

### 6 Div. 312.

Supreme Court of Alabama.

March 16, 1933.

Rehearing Denied April 20, 1933.

Vassar L. Allen, of Birmingham, for appellant.

C. J. Griffith, of Birmingham, for appellee.

ANDERSON, Chief Justice.

Plaintiff's intestate leased a store house to one Pounds for ten years beginning April 1, 1921, and expiring March 31, 1931. The lease was subsequently assigned by Pounds to the Dewberry Company with the approval of the lessor, Williams, but who declined to release Pounds from the responsibility for the rent. The Dewberry Company then assigned the lease to R. G. McLester who went into possession June 1, 1928, and held the same until the end of March, 1931, the date of the expiration of the lease. The assignment of the lease to McLester was also approved by the lessor by a certain letter of June 4, 1928, wherein the lessor also declined to release the Dewberry Company for the rent.

It is the contention of the appellant, the plaintiff in the lower court, that in said letter of approval, the old lease was, in effect, changed and extended two months, that is, until June 1, 1931, because of the following notation in the last part of the letter, to wit: "This lease to take effect as of June 1, 1928, and expires May 31, 1931." This, if standing alone and literally construed, might have the effect of renewing or extending the lease. But, we think, in considering all of the evidence, and especially the entire letter of the lessor, the assignment related only to the unexpired term and there was no mutual understanding or agreement to extend the lease, and that the notation in the letter that the lease expired "May 31, 1931," was inserted upon a perhaps mistaken idea as to the date of the expiration of the lease, and that the letter, in its entirety, indicates that the assignment, as well as the approval, related only to the unexpired term. The letter recites that it was subleased to Dewberry Company for the "unexpired term * * * will say that it is agreeable to me for said Dewberry Company, * * * · to sublease the same to R. G. McLester," without any release on the part of Dewberry Company under the terms of the lease. It is manifest that only a sublease was intended and that there was no mutual understanding or intention to change or extend the original lease.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.